### PERKINS V. PERKINS, JR.

Where an assignment of a note contains also an express promise that it shall be paid by the time set, an action will lie against the assignor, without suing the original promisor.

ACTION of the case; declaring, that the defendant on the 1st of July, A. D. 1790, was indebted to the plaintiff £80 lawful money, and in order to pay it, the defendant assigned and indorsed to the plaintiff, a note executed to the defendant by John and Thomas Stowel, dated May 6, 1789, whereby for value received in a certain jack ass, they promised the defendant six likely mules, one year old, out of the first crop from said jack, which was to be kept for covering only: That the indorsement on said note was in the words following, viz. For value received I do assign and warrant the within obligation unto Samuel Perkins, and promise that the within mentioned six yearling mules shall be delivered to him by the 1st of June, A. D. 1792. E. Perkins, Jr. Which note and indorsement the plaintiff received in payment of his said debt; that said Stowels had never delivered said mules, nor paid their said note to the plaintiff, nor had the defendant ever performed his promise contained in said indorsement; that said six mules were worth £80 lawful money. Damage £80. Demurrer to the declaration.

Judgment — That the plaintiff's declaration was sufficient. It was not necessary that the plaintiff should sue the Stowels upon their note, it was sufficient that they have not paid it; for the indorsement contains in it an original undertaking and promise, that said mules should be delivered by the 1st of June A. D. 1792, upon which the action is brought, and not upon the warranty.